[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS OF THE DEFENDANT TOWN OF WESTON AND OF THE DEFENDANT TOWN OF WESTPORT TO STRIKE THE THIRD COUNT OF THE AMENDED COMPLAINT
This is an action by the plaintiffs who claim the on-site sub-surface sewage disposal system servicing a residence they had purchased has turned out to be defective and inadequate.
Among the defects claimed was that the septic tank was inadequate to serve a house with four to six bedrooms; that the system was failing; that the pump tank was not in compliance with applicable code requirements; that the system design was fundamentally flawed because it utilized a wick process which was inappropriate for sites such as the subject property with a high water table and resting on ledge; that the installation of the system was defective because the fields were located so close to the water table as to render them constantly wet and thereby to compromise their effectiveness; and, that the gravel at the edge of the fields was at grade and covered with less than one inch of top soil.
The first count of the amended complaint is against the defendant John Bloom, doing business as Dexter-Sutherland Septic Service, for his alleged negligence in the inspection of the sub-surface sewage disposal system done for them before the closing.
The second count is against the Westport-Weston Health District and its Sanitarian, Alan Smith. The plaintiffs claim that these defendants are charged with the responsibility of approving the design and installation of sub-surface, on-site sanitary disposal systems to assure compliance with the applicable codes and to assure adequate and proper design and construction and are authorized to issue permits for such installations.
The plaintiffs allege the negligence of these defendants in failing to require the installation of a tank of adequate size to service a house with four to six bedrooms so as to conform with applicable codes; in failing to identify and/or to recognize the design flaws in the system or its inappropriateness to the subject property; in failing properly or adequately to inspect the completed system to assure that the leaching fields were properly placed and/or covered; and in failing properly or adequately to inspect the completed system to assure that it was constructed in accordance with the approved design.
In the third count, the plaintiffs allege that the Town of CT Page 10704 Westport and the Town of Weston, having joined to form the Westport-Weston Health District, are jointly liable under the provisions of General Statutes Sec. 7-465 (b) for the acts and omissions of the Westport-Weston Health District and its employees.
The defendant towns have moved to strike the third count on the claim that General Statutes Sec. 52-557n precludes the plaintiffs from maintaining this action against them.
General Statutes Sec. 52-557n is entitled "Liability of political subdivision and its employees, officers and agents."
Subsection (a) reads in pertinent part:
 (a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; . . . (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to persons or property caused by: . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law
Subsection (b) reads in pertinent part:
 (b) Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his official employment or official duties shall not be liable for damages to person or property resulting from: . . . (6) the act or omission of someone other than an employee, officer or agent of the political subdivision; (7) the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law, unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a reckless disregard for health or safety; (8) failure CT Page 10705 to make an inspection or making an inadequate or negligent inspection of any property . . . to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such a violation of law or such a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances; . . . .
These defendant towns claim that Subsection (b)(6) insulates them from liability because Alan Smith has been alleged to be an employee of the Westport-Weston Health District and it is Smith and the District that the plaintiffs have alleged were negligent in approving the design and installation of the system, in assuring compliance with the applicable codes, in assuring adequate and proper design in construction, and in issuing permits. These defendant towns assert that the Westport-Weston Health District and its employees are not part of these municipalities but instead are a part of a separate entity which can sue and be sued. General Statutes Sec. 19a-240, et seq.
Because the plaintiffs allege that the permit to the property was issued improperly and because the plaintiffs claim there was a failure to properly inspect the system, these defendants claim further freedom from liability under the provisions of Subsections (b)(7) and (b)(8).
The plaintiffs respond that these defendants are liable for the negligence of the employees of the Westport-Weston Health District and of the District itself pursuant to General Statutes Sec. 7-465 (b). That Section reads, in pertinent part:
 (b) Each town, city or borough which has joined with other towns, cities or boroughs to form a district department of health, pursuant to chapter 386f [Sec. 19-240 et seq.], shall jointly assume the liability imposed upon any officer, agent or employee of such district department of health . . ., acting in the performance of his duties and with the scope of his employment, under, and in the manner and in accordance with the procedures set forth in, subsection (a) of this section.
The plaintiffs assert that the liability of these towns CT Page 10706 for any damage caused by such employees is clearly fixed by General Statutes Sec. 7-465 (a), which reads, in pertinent part:
 (a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed on such employee by law . . . for physical damages to person or property, . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . . Governmental immunity shall not be a defense in any action brought under this section.
There appears to be a substantial conflict in the application of the statutes cited by the respective parties. In the case of Sanzone v. Board of Police Commissioners, 219 Conn. 179,592 A.2d 912 (1991), the Connecticut Supreme Court addressed some of these issues.
While the Court did not find General Statutes Sec. 52-557n
(a) to be a paragon of clarity, the Court, considered an exception to the generality of Subsection (a) concerning an action based on an alleged defect in a highway. The Court, in construing the effect of the proviso, in General Statutes Sec.52-557n (a), that "no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149
of the General Statutes," concluded that the designated remedy "preclude a joint action seeking such damage against a municipality and its officers pursuant to Section 7-465 (a); otherwise, the proviso in Section 52-557n would be stripped of all meaning, for Section 7-465 (a) would permit a plaintiff to reach the result forbidden by Section 52-557n: the imposition of tort liability on a municipality for a highway defect claim." Sanzone v. Board of Police Commissioners, supra, at 192.
In considering the language of General Statutes Sec. 7-465
(a) and the plaintiffs claim that Section 7-465 (a) restricted the breath of Section 52-557n, the court stated in a footnote, CT Page 10707 "General Statutes Section 7-465 (a) begins with the clause: `Any town, city or borough, notwithstanding any inconsistent provision of law, general special or local, shall pay on behalf of any employee of such municipality . . . .' (Emphasis added.) The . . . [underlined] language simply indicates that Section7-465 (a) overrides inconsistent statutes and rules of common law existing at the time of its enactment. The legislature may not restrict the right of future legislators to amend other statutes. 2A J. Sutherland, Statutory Construction (4th Ed. Sands) Section 47.13." Sanzone v. Board of Police Commissioners, supra, 192, n. 10.
The court, in dicta, also noted the effect of General Statutes Sec. 52-557n (b) as follows: "Indeed, . . . Section52-557n (b) immunizes both `political subdivisions' and `any employee, officer or agent acting with the scope of his employment or official duties' from liability in enumerated cases, including certain types of highway defects . . . ." Sanzone v. Board of Police Commissioners, supra, at 193.
Applying the reasoning of Sanzone to the case at hand, this court must first agree with the plaintiffs that for the purpose of establishing the obligations of the defendant towns to answer for the liability of employees, General Statutes Sec. 7-465
(b) controls; so that if the liability of the defendant Smith and the health district alleged in the second count of the amended complaint and realleged in the third count could be established, these towns would then have to "jointly assume the liability imposed upon any officer, agent or employee of such district department of health . . ., acting in the performance of his duties and with the scope of his employment, under, and in the manner and in accordance with the procedures set forth in, subsection (a)" of the Sec. 7-465. To that extent, these defendant towns would not be immunized by Subsection (b)(6) of General Statutes Sec. 52-577n (b), since the acts of Alan Smith of the Health District would not be "the act or omission of someone other than an employee, officer or agent of the political subdivision."
Considering the effect of subsections (7) and (8) of Sec. 52-577n (b) under the reasoning of Sanzone, these subsections would appear to offer qualified immunization to a municipal employee and his municipal employer and consequently offer qualified immunity from vicarious liability under General Statutes Sec. 7-465. CT Page 10708
However, as this complaint is pleaded, the plaintiffs may well be able to establish evidence that the issuance of any permit may have "constitute[d] a reckless disregard for health or safety" under subsection (b)(7) and well be able to establish evidence that the failure ". . . to determine whether the property complies with or violates any law or contains a hazard to health or safety . . ." may have been after ". . . the political subdivision had notice of such a violation of law or such a hazard or . . . such inadequate or negligent inspection constitute[d] a reckless disregard for health or safety under all the relevant circumstances" under subsection (b)(8). In such circumstances, the immunity from liability offered by Sec. 52-577n (b) would evaporate.
Thus, construing the facts and the complaint most favorably to the plaintiffs as commanded by Aamdio v. Cunningham, 182 Conn. 80,82-83, 438 A.2d 6 (1980), the defendant towns' motions to strike the third count are denied.
NIGRO, J.